**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff - Appellee,<br><br>v.<br><br>BRIAN FEDERICO,<br><br>           Defendant - Appellant. | No. 24-7089<br><br>D.C. Nos.<br>4:12-cr-00862-YGR-2<br>4:22-cv-06774-YGR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted June 26, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

Brian Federico was convicted of wire fraud offenses against Matrix Service

Company ("Matrix") and sentenced to 60 months of imprisonment and three years

of supervised release. We affirmed his conviction on direct appeal. *United States v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Federico*, 855 F. App'x 404 (9th Cir. 2021). Federico now appeals the district court's denial of his motion to vacate his conviction pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability as to the following question: "whether trial counsel was ineffective for failing to argue that appellant's conduct did not constitute mail fraud against Matrix pursuant to *United States v. Starr*, 816 F.2d 94 (2d Cir. 1987), and related cases." We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and 2255(d). We review a district court's denial of a section 2255 motion de novo and its underlying factual findings for clear error. *United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir. 2003). We affirm.

1. Federico has not established ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021) (explaining that to establish ineffective assistance of counsel under *Strickland*, a defendant must show both deficient performance and prejudice). Federico has not "overcome the presumption that, under the circumstances, the challenged action"—trial counsel's failure to argue *Starr* and related cases—"might be considered sound trial strategy," not deficient performance. *Strickland*, 466 U.S. at 689 (citation omitted); *see United States v. Cochrane*, 985 F.2d 1027, 1030 (9th Cir. 1993) (holding that counsel's failure to present certain authorities "does not demonstrate incompetency," but rather "might have been reasonable trial strategy").

*Starr* and related cases invalidated mail or wire fraud convictions for failure to establish intent to harm "where the evidence merely indicate[d] that the services contracted for were dishonestly completed." *United States v. Novak*, 443 F.3d 150, 159 (2d Cir. 2006); *see also Starr*, 816 F.2d at 99 (finding intent to harm lacking where defendants "in no way misrepresented to their customers the nature or quality of the service they were providing"). The evidence at trial showed that Federico conspired with others to misrepresent the value of bids and invoices submitted by his employer Imperial Shotcrete ("Imperial") to Matrix by falsely inflating the costs incurred by Imperial on the Matrix projects. Because Federico's misrepresentations went to the very "nature of the bargain," *see United States v. Milheiser*, 98 F.4th 935, 944 (9th Cir. 2024), the cases Federico cites—even if controlling in this circuit—would therefore not have likely changed the outcome of his case. The Supreme Court's decision in *Kousisis v. United States*, 605 U.S. 114 (2025), moreover, abrogated the approach to the intent to harm element formulated in *Starr* and related cases. *See United States v. Runner*, 143 F.4th 146, 155 (2d Cir. 2025).

Federico also has not shown that counsel performed deficiently by failing to raise *Starr* and related cases in support of a jury instruction on the essential benefit of the bargain standard for materiality. The holding in *Starr* pertained to the intent element, not materiality. *See Starr*, 816 F.2d at 98. Although such a materiality

instruction is now part of our circuit's model jury instructions following *Milheiser*, *see* 9th Cir. Manual of Model Crim. Jury Instr. 15.32 (revised Sept. 2025), an attorney "cannot be required to anticipate our decision in this later case, because his conduct must be evaluated . . . 'as of the time of counsel's conduct,'" *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).

2. Federico raises the following uncertified issue: "whether this Court should vacate the restitution order under *Ellingburg v. United States*, No. 24-482." We decline to expand the certificate of appealability to include Federico's restitution claim. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 (9th Cir. 2008); 9th Cir. R. 22-1(e). "[J]urists of reason would not debate that [Federico] should be denied relief," *Buck v. Davis*, 580 U.S. 100, 115 (2017), because claims for relief from a restitution order "cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody," *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002).

**AFFIRMED.**